The Honorable Robert J. Bryan

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>TYRON JACKSON,<br><br>Defendant. | NO. CR21-5287-RJB<br><br>GOVERNMENT'S SENTENCING MEMORANDUM |

The United States of America, by and through Nicholas W. Brown, United States Attorney for the Western District of Washington, and Rebecca S. Cohen, Assistant United States Attorney for said District, respectfully submits this memorandum regarding the sentencing of Defendant Tyron Jackson scheduled for Friday, December 3, 2021, at 10:30 a.m.

**INTRODUCTION AND SENTENCING RECOMMENDATION**

Defendant Tyron Jackson (Jackson), an enrolled member of the Quileute Tribe, pled guilty to two counts of abusive sexual contact, in violation of 18 U.S.C. §§ 1153, 2244(a)(5), and 2246(3). The counts pertain to the sexual assaults of two separate victims, both of whom were under the age of eleven at the time they were assaulted, that occurred on the Quileute Reservation and the Lower Elwha Reservation, respectively. For the reasons set forth below, the government recommends a sentence of eleven years

Government's Sentencing Memorandum - 1
(*United States v. Jackson,* CR21-5287-RJB)

UNITED STATES ATTORNEY
700 STEWART STREET, STE. 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

(132 months) of imprisonment for Jackson, followed by thirty (30) years of supervised release.

The government notes that it has consulted with prosecutors from the Quileute and Lower Elwha Klallam Tribes about its recommendation, and that both Tribes concur with the government's position.

## **THE OFFENSE CONDUCT**

Jackson agreed to the following facts set forth in Paragraph 9 of the parties' Plea Agreement:

> During the relevant time period between 2013 and 2015, Defendant was in a relationship with a family member of Minor Victim 1 (MV1). At various times during this period, MV1 lived [with a] family member at a residence in La Push, Washington. The residence is located within the exterior boundaries of the Quileute Indian Reservation.
>
> At some point between July of 2013 and May of 2015, while lying in bed with MV1, who was six or seven years old at the time, Defendant intentionally touched MV1's genitalia, underneath her clothing. Defendant's intent in doing was to arouse and gratify his sexual desire. This occurred at the residence of Defendant's mother in La Push, Washington.
>
> Approximately three to five years later, in 2018, Defendant attended a party located at the residence of the mother of Minor Victim 2 (MV2), which is within the exterior boundaries of the Lower Elwha Reservation. The party occurred during the evening, and MV2 and her sibling were at the residence during the party, but went to sleep in their bedroom before the party ended. While MV2 was in her bed and the party guests were outside in the backyard, Defendant entered the bedroom MV2 shared with her sibling, who was asleep. Defendant approached MV2 and pulled down her pants. Defendant intentionally touched MV2's genitalia. Defendant's intent in doing was to arouse and gratify his sexual desire. MV2 was ten years old at the time.

Dkt. 12, at ¶ 9.

When interviewed by forensic interviewers, both MV1 and MV2 disclosed conduct beyond what Jackson admitted to in the Plea Agreement. MV1 disclosed a

Government's Sentencing Memorandum - 2
(*United States v. Jackson,* CR21-5287-RJB)

UNITED STATES ATTORNEY
700 STEWART STREET, STE. 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

number of additional sexual assaults by Jackson that occurred at locations off of the Quileute Reservation, including out of state. MV2 was not assaulted on more than one occasion by Jackson, but when forensically interviewed MV2 disclosed that Jackson had penetrated her vagina with his penis. *See* Complaint (Dkt. 1).

The United States has jurisdiction to charge Jackson for the assaults because the residences where the assaults occurred are located within the exterior boundaries of the Quileute and Lower Elwha Reservations, and Jackson is an enrolled member of the Quileute Tribe, a federally recognized tribe.

## **PROCEDURAL HISTORY**

On June 17, 2019, Jackson was arrested by the Lower Elwha Klallam Tribe, detained at the Clallam County Jail, and charged with the sexual assault of MV2.

On June 11, 2020, Magistrate Judge Theresa L. Fricke signed a one-count Complaint charging Jackson with Abusive Sexual Contact for the assault of MV2. Dkt. 1. Jackson did not appear on the Complaint because he was in tribal custody at the time.

On September 3, 2021, Jackson pled guilty to an Information charging him with two counts of Abusive Sexual Contact, in violation of 18 U.S.C. §§ 1153, 2244(a)(5), and 2246(3). Dkt. 12.[1] The Plea Agreement contained an agreed range for the parties' sentencing recommendation of seven to eleven years. The Plea Agreement contains a waiver of appeal. Dkt. 12.

Jackson remained in the custody of the Lower Elwha Klallam Tribe until November 22, 2021, when he was released from the Tribe's custody to be transferred into federal custody for the purpose of his sentencing hearing on December 3, 2021.

The government anticipates that the Lower Elwha Klallam Tribe will dismiss its charges against Jackson once sentencing in this case has occurred.

---

[1] On September 3, 2021, Jackson appeared for an initial appearance and change of plea hearing at the United States Courthouse in Tacoma, where he was briefly brought pursuant to a writ. Dkt. 13. The Court issued a detention order, and Jackson was then returned to the Clallam County Jail in tribal custody until transported to the FDC on November 23, 2021.

Government's Sentencing Memorandum - 3
(*United States v. Jackson,* CR21-5287-RJB)

UNITED STATES ATTORNEY
700 STEWART STREET, STE. 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

## SENTENCING GUIDELINES

The government sets forth the following calculation of the advisory guidelines range:

| Count 1 (applying the cross reference to 2A3.1 found in § 2A3.4(c)(1)) | | |
|---|---|---|
| Base Offense Level | 30 | § 2A3.1 |
| Victim under the age of 12 | +4 | § 2A3.1(b)(2) |
| Victim in custody, care of supervision of the defendant | +2 | § 2A3.1(b)(3) |
| TOTAL | 36 | |

| Count 2[2] | | |
|---|---|---|
| Base Offense Level | 20 | § 2A3.4 |
| Victim under the age of 12 | +4 | § 2A3.4(b)(1) |
| TOTAL | 24 | |

Counts 1 and 2 do not group and no additional levels are added when determining the combined offense level pursuant to USSG § 3D1.4, which is 36. Five levels are then added pursuant to § 4B1.5(b) because Jackson engaged in a pattern of activity involving prohibited sexual conduct (prohibited sexual conduct with a minor on two separate occasions). After a three-level decrease for acceptance of responsibility, the total offense level is 38. Jackson has a criminal history category of II. With a total offense level of 38 and a CHC of II, the advisory guidelines range is 262-327 months.

---

[2] The government's proposed calculation for Count 2, which was agreed to in the parties' Plea Agreement, does not apply the cross-reference to the higher calculation proposed by Probation in recognition of the fact that Jackson did not agree the sexual contact occurred underneath MV2's clothing, which is required to constitute a sexual act.

Government's Sentencing Memorandum - 4
(*United States v. Jackson,* CR21-5287-RJB)

UNITED STATES ATTORNEY
700 STEWART STREET, STE. 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

## ARGUMENT AND ANALYSIS

The government respectfully submits that a total sentence of eleven years (132 months) of imprisonment followed by thirty (30) years of supervision is sufficient, but not greater than necessary, to achieve the objectives outlined in Title 18, United States Code, Section 3553(a).

The nature and circumstances of the offense conduct points towards the need for a significant and lengthy term of imprisonment. Jackson sexually assaulted two young children, inflicting life-long pain and trauma. In doing so, he violated the trust of both the victims and their families. With MV1, Jackson was a father figure who MV1's mother entrusted with the care and supervision of her children. With MV2, Jackson was an acquaintance of the family who was welcomed into their home for a party, but chose to leave the outdoor festivities and enter into MV2's bedroom uninvited. As the victim impact statement submitted by MV2 demonstrates, the harm Jackson imposed on her when he entered her bedroom that night has not gone away. MV2 wrote that although she no longer has physical pain, she continues to have emotional pain, feels unstable, and can't stop thinking about what Jackson did to her because even when she's able to briefly forget, it "just creeps up out of nowhere."

The seriousness of Jackson's actions also is shown by Congress's treatment of his conduct. Although Jackson plead to a lesser offense, it is worth noting that the conduct he admitted committing in the Plea Agreement constitutes a violation of 18 U.S.C. § 2241(c) (aggravated sexual abuse of a child), which is punishable by a mandatory minimum term of imprisonment of thirty years. While the government believes a thirty-year sentence in this case would be too high, the statutory scheme demonstrates the egregiousness of Jackson's actions and why the government's recommended sentence of eleven years is necessary here to appropriately punish Jackson for his behavior and the betrayal of trust he committed against the victims and their families.

In addition, the government's recommended sentence is necessary to deter similar conduct from Jackson in the future, as well as to deter similar conduct from other

Government's Sentencing Memorandum - 5
(*United States v. Jackson,* CR21-5287-RJB)

UNITED STATES ATTORNEY
700 STEWART STREET, STE. 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

members of the community. As the Court knows, sexual abuse and sexual assault against native children and women is pervasive, and a problem that continues to plague Native American tribes. Accordingly, general deterrence is especially important here to send a message that there will be serious consequences for the sexual abuse of Native American children.

The government is cognizant of Jackson's personal history, including his struggles with mental health and substance abuse, and recognizes that to his credit, Jackson indicated a willingness to plead guilty and take responsibility for his actions not long after his arrest. The government considered these mitigating factors when deciding to allow Jackson to plead guilty to abusive sexual contact instead of aggravated sexual abuse of a child, which would have required a minimum sentence of thirty years. However, the government does not believe that a sentence lower than eleven years is sufficient, especially in light of the repeated nature of conduct in question, including the harm to the victims and their families and the betrayal of trust involved.

With respect to a term of supervision, Congress has mandated a term of at least five years, and both Probation and the government recommend a term of thirty years. Due to the nature of the offense conduct with more than one victim, as well as Jackson's problems with mental health and substance abuse, the government agrees with Probation that thirty years is necessary and appropriate in this case. The government also agrees with all of the special conditions recommended by Probation, which will protect the community and assist Jackson with his transition after release from imprisonment.

## RESTITUTION

The government does not request restitution for MV2, and is working with MV1's family to determine whether they incurred any costs for which the government would seek restitution. If the government is not able to make a determination of restitution for MV1 prior to sentencing, it will ask the Court to schedule a separate restitution hearing for approximately ninety days in the future pursuant to 18 U.S.C. § 3664(d)(5), to allow sufficient time to determine the amount of the restitution to be imposed.

Government's Sentencing Memorandum - 6
(*United States v. Jackson,* CR21-5287-RJB)

UNITED STATES ATTORNEY
700 STEWART STREET, STE. 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

## WAIVER OF APPEAL

As previously noted and detailed in Paragraph 19 of the Plea Agreement, should Jackson receive a sentence within or below the guidelines range as calculated by the Court, he waives his appeal rights to the maximum extent permitted by law. Should the Court impose such a sentence, the government requests that Jackson be advised of this waiver.

## CONCLUSION

For the foregoing reasons, the Government requests the Court to sentence Defendant Tyron Jackson to a total term of eleven years (132 months) of imprisonment, followed by thirty (30) years of supervised release, with all of the special conditions recommended by Probation.

DATED this 26th day of November, 2021.

Respectfully submitted,

NICHOLAS W. BROWN
United States Attorney

*/s/ Rebecca S. Cohen*
REBECCA S. COHEN
Assistant United States Attorney
United States Attorney's Office
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
Phone: 206-553-6526
Fax Number: 206-553-4073
Email: rebecca.cohen@usdoj.gov

Government's Sentencing Memorandum - 7
(*United States v. Jackson,* CR21-5287-RJB)

UNITED STATES ATTORNEY
700 STEWART STREET, STE. 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970